UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FELIPE MULERO, :
    Plaintiff, :
     :
v. : Case No. 3:07-CV-1206 (PCD)
     :
BRIDGEPORT BOARD OF EDUCATION, :
    Defendant. :

## RULING ON DEFENDANT'S MOTION TO DISMISS

Defendant Bridgeport Board of Education (the "Board") moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss pro se Plaintiff Felipe Mulero's Amended Complaint on the ground that his discrimination claims are time-barred. For the reasons stated below, Defendant's Motions to Dismiss [Doc. No. 10, 17] are **denied.**

### I. BACKGROUND

Plaintiff Felipe Mulero brings this employment discrimination against his former employer, the Bridgeport Board of Education (the "Board"), alleging violations of his rights under Title VII of the Civil Rights Act of 1964, the American with Disabilities Act ("ADA"), and the Connecticut Fair Employment Practices Act ("CFEPA") for improper treatment on account of his mental illness. According to the medical records he submitted to the Court in connection with the pending motion, Mr. Mulero has a history of mental illness dating to 1997. While there are no medical records demonstrating his condition from July 2001 through June 2006, Mr. Mulero testified that he could not receive treatment during this time because he lacked medical insurance.

On June 29, 2006, Plaintiff was incarcerated. He initially continued to work from prison on cases he filed or intended to file against various defendants, including the Board, with the

Connecticut Commission on Human Rights and Opportunities ("CHRO"). Mr. Mulero testified at his hearing, however, that working on the complaints caused him to suffer symptoms related to his mental illness. In September 2006, Mr. Mulero was involuntarily committed to the mental health unit of the incarceration facility for evaluation and treatment. In February 2007, the mental health hold on Mr. Mulero's status at the facility was lifted, but he testified that he was warned by various correctional officers that his community release would be jeopardized if his symptoms returned. As a result, he decided to discontinue his work on his CHRO claims until after his release on June 21, 2007. (See Hearing Trans., April 9, 2008, at 23-25.)

On September 7, 2006, Plaintiff Mulero, proceeding *pro se,* filed complaints with the CHRO and the Equal Employment Opportunity Commission ("EEOC"). The CHRO issued its Merit Assessment Review on December 29, 2006, and its release of jurisdiction letter on January 18, 2007, authorizing Plaintiff to pursue a CFEPA action against the Board within 90 days of receipt of the release, or until April 19, 2007. (See Def.'s Opp. Mot. to Waive Statute of Limitations, Ex. B.) On March 14, 2007, the EEOC issued its release of jurisdiction letter, stating that it had adopted the findings of the CHRO. (See id. Ex. C.) Plaintiff had 90 days from the date of his EEOC letter, or until June 15, 2007, to file his Title VII and ADA claims.

On August 7, 2007, *pro se* Plaintiff filed a complaint against the Board in this Court, which included a motion to waive the statute of limitations due to his mental illness. (See Doc. No. 3.) On August 20, 2007, Plaintiff filed an "Amended" Complaint, alleging violations of Title VII, the ADA, and the CFEPA. On November 13, 2007, the Board moved to dismiss all of Mulero's claims as untimely [Doc. No. 10]. In addition to opposing the Board's motion, Mulero filed an Amended Complaint on November 29, 2007 [Doc. No. 16]. On December 13, 2007,

2

Defendant filed a second motion to dismiss the Amended Complaint [Doc. No. 17]. Mr. Mulero was appointed counsel in March 2008, and on April 9, 2008 an evidentiary hearing was held to determine whether Plaintiff could establish good cause to excuse his failure to file this action within the time periods prescribed by the CHRO and the EEOC.

## II.  STANDARD OF REVIEW

The function of a motion to dismiss pursuant to Rule 12(b)(6) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence that might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984) (citation omitted). Therefore, when considering such a motion, the court must accept the facts alleged in the complaint as true, draw inferences therefrom in the light most favorable to the plaintiff, and construe the complaint liberally. Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). The district court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1960, 167 L. Ed. 2d 929 (2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendant fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Id. at 1964-65; see also Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (declining to read Twombly's "flexible plausibility standard" as relating only to antitrust cases).

## III.  DISCUSSION

Defendant moves to dismiss for failure to state a claim upon which relief can be granted due to the untimely commencement of this action. "Although the statute of limitations defense is

usually raised in a responsive pleading, the defense may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint." Velez v. City of New London, 903 F. Supp. 286, 289 (D. Conn. 1995) (quoting Ledesma v. Jack Stewart Produce, Inc., 816 F.2d 482, 484 n. 1 (9th Cir. 1987)); see also Torrence v. Pesanti, 239 F. Supp. 2d 230, 232 (D. Conn. 2003) (citing Leonhard v. United States, 633 F.2d 599, 609 n.11 (2d Cir. 1980)).

To file a timely discrimination complaint, a plaintiff must bring his action within 90 days of his receipt of the release of jurisdiction right-to-sue letter from the CHRO or the EEOC. Conn. Gen. Stat. § 46a-101(e) (stating that any action brought under the CFEPA "shall be brought within ninety days of the receipt of the release from the commission."); 42 U.S.C. § 2000e-5(f)(1). See also Shryer v. Assoc. Pulmonologists of W. Conn., No. 319434, 1996 WL 222364, at *3 (Conn. Super. April 15, 1996) (failure to file suit within 90 days of the CHRO's release letter rendered a CFEPA claim "jurisdictionally defective"); Blunt v. Aetna/U.S. Healthcare, No. Civ. 3:04CV483 (CFD), 2005 WL 1561800, at *2 (D. Conn. June 30, 2005) ("Once a claimant has received a right to sue letter from the EEOC, suit must be filed within ninety days."). Plaintiff Mulero was therefore required to commence a civil action alleging his CFEPA claims within 90 days of his receipt of the CHRO's release of jurisdiction letter dated January 18, 2007 (on or about April 19, 2007), and his federal claims within 90 days of his receipt of the EEOC's March 14, 2007 letter (on or about June 15, 2007). Because Plaintiff commenced this action in August 2007, months after both the CFEPA claim deadline and the Title VII and ADA claims deadline had passed, Plaintiff's claims are now time-barred.

In certain limited instances, "principles of equity may justify tolling the statutory limits" in cases governed by the procedural requirements of Title VII and the ADA. Eidshahen v. Pizza

4

Hut of Amer., Inc., 973 F. Supp. 113, 115 (D. Conn. 1997) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453 (1990)); see also Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393-93, 102 S.Ct. 1127 (1982) (statutory time limits applicable to lawsuits against private employers under Title VII are not jurisdictional and therefore subject to equitable tolling). Equitable tolling is "in the discretion of the Court and is to be used only in 'extraordinary' circumstances, such as where a claimant was deliberately prevented from exercising her rights." Wallace v. KX Industries, No. Civ. 3:98CV02523 (EBB), 1999 WL 1421659, at *2 (D. Conn. Dec. 9, 1999) (citing Doherty v. Amer. Home Prods., Corp., No. Civ. 3:97CV1211 (EBB), 1999 WL 958556, at * 5 (D. Conn. Oct. 15, 1999)). Equitable tolling may be appropriate where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion. Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (citing Brown v. Parkchester South Condominiums, 287 F.3d 58, 60 (2d Cir. 2003) and Canales v. Sullivan, 936 F.2d 755, 758 (2d Cir. 1991)). When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine "(1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." Zerilli-Edelglass, 333 F.3d at 80-81 (quoting Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002)). The burden of demonstrating the appropriateness of equitable tolling lies with the plaintiff. Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000) (citing Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 24 (2d Cir. 1985)).

The issue of whether a mental disability warrants equitable tolling of a filing deadline requires a "highly case-specific" inquiry. Brown, 287 F.3d at 60 (citing Boos, 201 F.3d at 184);

see also Canales, 936 F.2d at 758 (holding that Social Security claimant who averred that mental disability prevented her from timely pursuing her claim had presented sufficient evidence to warrant a remand to district court for a determination as to whether equitable tolling was warranted)). At a minimum, a petitioner must provide "a particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights[.]" Boos, 201 F.3d at 185. "If the claimant proves that []he was incapacitated for any length of time..., then the district court can determine whether, considering all of the circumstances of the case, equitable tolling is warranted." Canales, 936 F.2d at 759. Where a plaintiff suffers from a chronic mental illness, he must show that he was actually impaired during the relevant time period. Rios v. Mazzuca, 78 F. App'x 742, 744-45 (2d Cir. 2003)

The Court finds that Plaintiff has met the standard for establishing that his claim should be equitably tolled. Medical records submitted by Mr. Mulero generally show that he has suffered mental impairments dating back to 1997, though he was unable to present medical records detailing his incapacity during the relevant time for filing his claim. However, at the April 9th hearing, he testified that when he tried to prepare a complaint between September 2006 and February 2007, his nervous condition, anxiety disorder, depression, and other emotional distress would increase. (See Trans. of Hearing, April 9, 2008, at 22, 24.) Because an increase in his anxiety or depression would jeopardize his community release, he refrained from completing and filing a complaint. (Id. at 24.) Although he managed to file his pro se administrative complaints, Mr. Mulero's mental condition prevented him from filing the complaint in this Court in a timely fashion. For this reason, he is entitled to an equitable tolling of the statute of limitations.

## III. CONCLUSION

For the reasons stated above, Defendant's Motions to Dismiss [Doc. No. 10, 17] are **denied.** In accordance with Local Civil Rule 26(f), the parties shall confer for the purposes described in Fed. R. Civ. P. 26(f), and the parties shall jointly file a report on Form 26(f), which appears in the Appendix to the Local Civil Rules, on or before June 12, 2008.

SO ORDERED.

Dated at New Haven, Connecticut, this 21st day of May, 2008.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court